# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-11207
Conference Calendar

JERRY M GILBERT; DOLORES GILBERT

Plaintiffs-Appellants

v.

RICK PERRY, Governor of Texas; MARTHA S DICKIE, President of the State
Bar of Texas; DONALD W PATRICK, Executive Director of the Texas Medical
Board; JOSEPH B MORRIS, Chair for The State Commission on Judicial
Conduct

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:07-CV-07

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jerry and Dolores Gilbert appeal the dismissal for lack of subject matter
jurisdiction of a complaint alleging that the defendants hampered the Gilberts'
prosecution of an unsuccessful medical malpractice suit and subsequently failed
to investigate, prosecute, and discipline the parties involved in that lawsuit. The
district court determined that the complaint failed to allege a federal claim and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

that the claims were barred by the Eleventh Amendment. This determination is reviewed de novo. Musslewhite v. State Bar of Texas, 32 F.3d 942, 945 (5th Cir. 1994).

A case that does not present either federal question jurisdiction or diversity jurisdiction should be dismissed for lack of subject matter jurisdiction. See FED. R. CIV. P. 12(b)(1), (h)(3); Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc., 138 F.3d 160, 163 n.1 (5th Cir. 1998). Under the Eleventh Amendment, federal courts lack jurisdiction to entertain suits in law or equity against a non-consenting state, or a state agency, by its own citizens. See In re Soileau, 488 F.3d 302, 305 (5th Cir. 2007), cert. denied, 128 S. Ct. 1220 (2008); Martinez v. Tex. Dep't of Criminal Justice, 300 F.3d 567, 573 (5th Cir. 2002). Eleventh Amendment immunity applies equally to state agencies and state officials when sued in their official capacities because official capacity suits are construed as suits against the state. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). As all of the defendants in this case are entitled to Eleventh Amendment immunity, the district court's dismissal of the complaint is affirmed. Hafer, 502 U.S. at 25; see TEX. GOV'T CODE ANN. § 554.001 (2008). We find no merit in the Gilberts' suggestion that we exercise supplemental jurisdiction over this appeal.

AFFIRMED.